IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALPHARMA INC., A Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:03CV401 |
| vs. | ) ) | |
| PENNFIELD OIL COMPANY, d/b/a PENNFIELD ANIMAL HEALTH, A Nebraska Corporation, and | ) ) ) ) | STIPULATED PROTECTIVE ORDER |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| BOEHRINGER INGELHEIM VETMEDICA, INC., A Delaware Corporation, | ) ) ) ) | |
| Third-Party Defendant. | ) | |

This matter came before the Court on a Stipulated Motion for Protective Order (Filing No. 111) prepared and submitted by Alpharma Inc. and PennField Oil Company. The Court, having been fully advised as to the circumstances of said Motion, hereby finds that it should be granted.

**STIPULATIONS**

The undersigned parties hereby agree to the following for purposes of this Stipulated Protective Order:

1. As used herein:
    a. "Attorney" shall include all partners, associates, paralegals, secretaries and other employees of the attorney representing any Party, except that "Attorney" does not include any in-house counsel;

    b.    "Confidential Document(s)" shall mean any document or documents which contain any trade secret, sensitive or proprietary business information, or private financial information pertaining to any Party, or any customer of any Party, so designated by any undersigned Party pursuant to Paragraph 2 of this Protective Order, regardless of when Disclosed;

    c.    "Consultant" shall mean any expert retained or hired by a Party or Attorney in this case for the purpose of providing expert testimony in the trial of this matter, or for the purpose of assisting a Party or Attorney in any manner in the litigation of this case;

    d.    "Disclose(d)" shall mean divulged, shown, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated;

    e.    "Disclosing Party" shall mean the Party disclosing a "Confidential Document";

    f.    "Party" shall mean any named Plaintiff or Defendant or Third-Party Defendant in this case, including their employees, agents and representatives. The term "Parties" shall collectively refer to the named Parties to this action and their respective employees, agents and representatives;

    g.    "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity, other than a Party; and

    h.    "Witness" shall mean any non-Party identified as a witness or potential witness for purpose of providing testimony it the above-captioned matter.

2.    Any Disclosing Party may designate any document, or group of documents in its possession or control, to be "Confidential Documents" subject to the protection of this Stipulated Protective Order by:

      a.    Clearly marking or stamping each such document "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" prior to Disclosure; or

      b.    Notifying each Party in writing, within fourteen (14) days after disclosure, of the designation of each "Confidential Document" previously Disclosed by reasonably identifying each such Confidential Document; or

      c.    Notifying each Party in writing, within fourteen (14) days after this Stipulated Protective Order is entered, of the designation of each "Confidential Document" Disclosed prior to entry of this Stipulated Protective Order, by reasonably identifying each such Confidential Document.

    3.    Every "Confidential Document" so designated by any Disclosing Party pursuant to Paragraph 2 of this Stipulated Protective Order, shall by agreement be presumed to contain confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c)(7), unless, and until, a Party objects to such designation pursuant to Paragraph 16.

    4.    Confidential Documents, or information contained therein, Disclosed to any Party, Attorney, or Consultant shall be used solely for the purpose of prosecuting or defending the above captioned matter and any subsequent appeal.

    5.    All documents disclosed in discovery, whether marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be Disclosed to Attorneys.

    6.    Confidential Documents other than those marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be Disclosed to any Party or Consultant who complies with Paragraph 9 of this Stipulated Protective Order, solely for the purpose of assisting any Party in the prosecution or defense of the above captioned matter and any subsequent appeal.

    7.    Confidential Documents other than those marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be Disclosed to former employees of a Party if the former employee to whom the documents will be Disclosed authored or received the documents

during the course of the former employee's employment. Confidential Documents not authored or received by the former employee may be Disclosed to the former employee after notice to the Disclosing Party regarding the Confidential Documents to be Disclosed and an opportunity to object to such Disclosure. Consent by the Disclosing Party to the Disclosure of Confidential Documents to former employees will not be unreasonably withheld. Former employees to whom Confidential Documents are Disclosed pursuant to this paragraph must comply with Paragraph 9 of this Stipulated Protective Order.

8. Confidential Documents bearing the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" stamp, or information contained therein, may not be disclosed to any Party or Consultant, except that such documents may be disclosed to an employee or representative of or Consultant for a Party, provided that trial counsel for the Parties first agree in writing as to any such disclosure and each such employee, representative, or Consultant executes the acknowledgment referenced in Paragraph 9.

9. No Party or Attorney shall Disclose any Confidential Document, or information contained therein, pursuant to paragraphs 6, 7, or 8 above unless and until the persons to whom disclosure is to be made have: (1) read this Stipulated Protective Order, and (2) signed the following acknowledgment agreeing to be bound by the Stipulated Protective Order:

> I hereby certify that I have read the Stipulated Protective Order issued in the matter of *Alpharma Inc. v. PennField Oil Company d/b/a PennField Animal Health,* pending before the United States District Court for the District of Nebraska, Case No. 8:03CV401, and agree to be bound by its terms. I understand that I am being shown "Confidential Documents" subject to the terms of the Stipulated Protect Order and I hereby promise and agree not use or disclose any information contained in any "Confidential Documents" for any purpose unrelated to the aforementioned litigation. I further understand that the unauthorized use or disclosure of any such "Confidential Documents" may constitute contempt of Court, and I hereby consent to the personal jurisdiction of the United States District Court for the District of Nebraska, in connection with the use or disclosure of such "Confidential Documents."
>
> _____   _____
> Date                                              Signature

Each Attorney or Party shall maintain their own file of such written agreements until this action is fully completed.

10. No Party or Attorney shall use with or Disclose to any Person not authorized herein any Confidential Document, or information contained therein.

11. No Party or Attorney shall use or Disclose any Confidential Document, or information contained therein, for any purpose unrelated to this litigation, including, but not limited to, any personal, business or competitive purpose, or with respect to any other litigation or administrative proceeding, including a Citizen's Petition or other proceeding before the Food and Drug Administration.

12. At any deposition during which Confidential Documents will be Disclosed, shown or used, the Disclosing Party shall have the right to demand that every Person in attendance execute an acknowledgment containing language set forth in Paragraph 9 of this Stipulated Protective Order, or be barred from the proceeding for any period that Confidential Documents will be shown. No Confidential Document shall be shown to any Party, Witness or Consultant during any proceeding until every Person in attendance has executed an acknowledgment which complies with Paragraph 9 of this Stipulated Protective Order or has left the room, if so requested by the Disclosing Party.

13. Documents marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be Disclosed, shown, or used in depositions with employee deponents of the Disclosing Party, or with a person authorized to see those documents pursuant to Paragraph 8 or with the prior approval of the Disclosing Party.

14. If a Confidential Document is marked or attached by any Party or Attorney during the deposition of any Party, Consultant or Witness, the Disclosing Party shall have the right to: (1) notify the court reporter of the existence and content of this Stipulated Protective Order; (2) direct the court reporter to maintain all Confidential Documents in a sealed envelope; (3) instruct the reporter not to copy any Confidential Document or portion thereof without the express written consent of the Disclosing Party; and (4) instruct the court reporter that no Person should be allowed to review any Confidential Document under seal other than a Party, Attorney or the Court. For those documents stamped

"CONFIDENTIAL - ATTORNEYS' EYES ONLY", the court reporter may be instructed that no person aside from an Attorney or the Court should be allowed to review the Confidential Document under seal.

15.     No record of a deposition (be it a transcript, videotape, or other such record) may be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety, unless a Party believes, in good faith, that all included testimony and exhibits constitute confidential information or are trade secrets. In accordance with this Protective Order, the Parties may designate parts of a deposition that contain confidential or trade secret information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by either of the following means:

        a.    Identifying on the record the confidential or trade secret information on the day the confidential or trade secret information becomes part of the record; or

        b.    Sending written notice to the other Party or Parties designating information as confidential within 10 business days after receipt of the deposition transcript(s). All deposition transcripts and associated exhibits shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the 10 business day period.

The Party representative of the deposing Party may attend any deposition, except during those parts of any deposition where "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information will be disclosed, unless the Party representative has been previously authorized to see "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents pursuant to Paragraph 8. At such time as a witness is asked a question the response to which will require the disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, the Party representative of the deposing party shall be excused until the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information has been received and recorded.

16.     If any Party objects to the designation of any document or portion of a deposition record as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the meaning of the Protective Order, that party shall state the objection in a letter to counsel for the Party making the designation. If the parties are unable to reach an

agreement on the designation within five business days of receipt of the objection, then the objecting party may apply to the Court to have the Confidential Documents or deposition designated as non-confidential or non-attorneys' eyes only, and, in so applying, any Party may submit the Confidential Documents or deposition to the Court for an *in camera* inspection, under seal. Until the Court rules on the motion, such Confidential Documents and depositions shall continue to be treated as designated by the Disclosing Party.

17. Any Disclosing Party may request the Court to order that Confidential Documents be kept under seal and that any proceeding regarding Confidential Documents or information contained therein to be conducted before the Court outside the presence of the public.

18. Upon final resolution of the above-captioned matter, including any appeal, writ, or petition for review, each Party shall within thirty (30) days of the final conclusion of the above-captioned matter, return to the Disclosing Party all Confidential Documents disclosed during the course of this litigation, including all internal copies or copies provided to any Witness or Consultant.

19. If a Party in possession of Confidential Documents from another Party receives a subpoena or other legally enforceable order from a non-party to this Protective Order seeking the production or other disclosure of such Confidential Documents, that Party shall immediately give written notice to counsel of record for the Party who provided the Confidential Documents being sought, which notice shall include a copy of the subpoena or order. Whenever possible, at least seven days' notice before such production or other disclosure shall be given. In no event shall such production or disclosure occur before telephone notice is given. Whenever possible, that telephone notice shall be sufficiently in advance of the date for requested production or disclosure in order to afford the party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

20. The Parties may modify or waive any provision of this Stipulated Protective Order in writing, without obtaining leave of Court.

21. Any Party may challenge the presumption set forth in Paragraph 3 of this Stipulated Protective Order or seek relief from any obligation imposed by this Stipulated Protective Order by filing an appropriate motion with the above-captioned Court.

22. All evidentiary objections with respect to any Confidential Document are expressly reserved and no Party waives any objection to any such Confidential Document by executing this Stipulated Protective Order.

**IT IS HEREBY ORDERED** that pursuant to the Stipulation of the Parties and Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is entered with respect to the treatment of "Confidential Documents" designated pursuant to this Order according to the terms set forth herein.

DATED this 18th day of May, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

Stipulated and Agreed to By:
ALPHARMA INC., Plaintiff

s/ Douglas J. Behr

Douglas J. Behr
John B. Dubeck
KELLER AND HECKMAN LLP
1001 G Street, N.W.
Washington DC 20001
Telephone: 202-434-4100
Facsimile: 202-434-4646

Denise Mazour (#14196)
THOMTE, MAZOUR & NIEBERGALL, L.L.C.
2120 South 72nd Street, Suite 1111
Omaha NE 68124
Telephone: 402-392-2280
Facsimile: 402-392-0734

ATTORNEYS FOR PLAINTIFF

PENNFIELD OIL COMPANY d/b/a
PENNFIELD ANIMAL HEALTH, Defendant

s/ Megan Sebastian Wright

Michael S. Degan (#20373)
Trenten P. Bausch (#20655)
Megan Sebastian Wright (#21782)
BLACKWELL SANDERS PEPER MARTIN LLP
1620 Dodge Street, Suite 2100
Omaha NE 68102
Telephone: 402-964-5000
Facsimile: 402-964-5050

ATTORNEYS FOR DEFENDANT