IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHARMA, INC., | ) |
| | ) 8:03CV401 |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| PENNFIELD OIL COMPANY | ) |
| d/b/a PENNFIELD ANIMAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on third-party defendant Boehringer's motion to dismiss Pennfield Oil Company's third-party complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8. Filing No. 118. Defendant Pennfield is a competitor of the plaintiff and sells antibiotics and feed additives. Pennfield alleges that if it is found liable to Alpharma, then it is entitled to indemnification from Boehringer under an Asset Purchase Agreement entered in 2002. Filing No. 104, Ex. A. Boehringer argues that Pennfield has failed to allege a basis for indemnification. Pennfield argues that the Asset Purchase Agreement with Boehringer indemnifies Pennfield for any breaches of Boehringer's representations, warranties and covenants. Ex. A to Third-Party Complaint, Filing No. 104, Art. 9, ¶ 9.2.

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under

Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.* The Federal Rules of Civil Procedure provide for a liberal system of "notice pleading." Federal Rule of Civil Procedure 8(a)(2) requires only that the plaintiff provide a short and plain statement of his or her claim that will "simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir.1999) (*quoting Redland Ins. Co. v. Shelter Gen. Ins. Cos.*, 121 F.3d 443, 446 (8th Cir.1997)). Defendants must be given such fair notice of the claims so that they may make a meaningful response to the pleadings. *Miles v. ERTL Co.,* 722 F.2d 434, 434-35 (8th Cir. 1983). Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, including Rule 9(b)'s requirement of greater particularity in all averments of fraud or mistake. *Swierkiewicz*, 534 U.S. at 513. The Supreme Court has declined to extend a heightened pleading standard to other contexts. *Id.*

The court has carefully reviewed the third-party complaint and determines that Pennfield has adequately stated a claim for relief. Boehringer agreed to indemnify Pennfield for breaches of any of Boehringer "representations, warranties, or covenants" contained in the agreement and from any adverse consequences caused by any breach. Filing No. 104, Ex.A at 9.2. Pennfield's allegations clearly put Boehringer on notice of the allegations in the third-party complaint. Accordingly, the court finds that

Pennfield has stated a sufficient cause of action in this case for purposes of a motion to dismiss.

IT IS ORDERED that third-party defendant Boehringer's motion to dismiss Pennfield Oil Company's third-party complaint is denied. Filing No. 118.

DATED this 3rd day of October, 2006.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Court Judge