IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALPHARMA, INC., | ) | |
| | ) | 8:03CV401 |
| Plaintiff/Counter Defendant, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PENNFIELD OIL COMPANY | ) | |
| d/b/a PENNFIELD ANIMAL HEALTH, | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

This matter is before the court on PennField's motion to amend its counterclaim, Filing No. 219, and Alpharma's motion for entry of judgment and certification pursuant to Fed. R. Civ. P. 54(b), Filing No. 223.

**Motion to Amend**

In its original counterclaim, which was filed on April 27, 2006, PennField alleges violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 to 87-306, and common law claims of product disparagement, defamation, unfair competition and unjust enrichment in connection with Alpharma's allegedly false and misleading statements about a PennField product. PennField seeks to add facts in support of its previously asserted claims. It asserts it does not wish to add new claims or theories of recovery, but only seeks the amendment to provide notice of additional facts that have come to light in discovery. Alpharma opposes the motion, contending that the amendment is out of time and that if allowed, additional discovery will be required. Alpharma further contends that it will be prejudiced because the deadline for expert witness disclosure has passed.

This is action was filed on September 30, 2003. See Filing No. 1. On July 13, 2004, the court granted PennField's motion to dismiss, but the Eighth Circuit Court of Appeals reversed that decision. See Filing No. 61; *Alpharma, Inc. v. PennField Oil Co., 411 F.3d 934 (8th Cir. 2005)*. The Eighth Circuit remanded for resolution, as a matter of law, of the issue of whether PennField's product had been approved for certain uses by the FDA. *Id*. at 939. After remand, PennField sought and was granted leave to amend its answer to include a counterclaim against Alpharma. The counterclaim referred to statements that Alpharma made in 2003 regarding the issue of FDA approval or lack thereof. The court subsequently granted summary judgment to PennField on Alpharma's claims and dismissed Alpharma's action. Filing No. 214, Memorandum and Order; Filing No. 217, Amended Judgment. In the proposed counterclaim, PennField adds allegations that, in 2002, Alpharma made statements that were critical of "generic bacitracin" for reasons other than a lack of FDA approval.

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "'when justice so requires." See *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir.2005)* (stating that a district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment). Rule 16, provides that scheduling orders must limit the time for amending pleadings and that a schedule established by such an order "may be modified only for good cause and with

the judge's consent." Fed. R. Civ. P. 16(b)(4). The failure to recognize the need for amended claims at an earlier date does not constitute good cause to excuse the untimeliness of a motion to amend. Schenk v. Chavis, 259 Fed. App'x 905, 907, 2008 WL 123980, **2 (8th Cir. 2008).

The heightened pleading requirements of Rule 9(b) do not apply to allegations of unfair and deceptive trade practices. See, e.g., F.T.C. v. Security Rare Coin & Bullion Corp., 931 F.2d 1312, 1316 (8th Cir.1991) (regarding unfair and deceptive trade practice action brought by the FTC under the Federal Trade Commission Act): Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511-12 & n.5 (2d Cir. 2005) (distinguishing deceptive trade practices under the New York Consumer Protection Act from fraud because a deceptive trade practice claim lacks the elements of scienter and reliance and stating that the historical rationales for requiring particularity for claims of fraud do not apply to deceptive trade practices). Nevertheless, even without the particularity requirement, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A. 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.

Discovery in this case will close on July 1, 2008. A pretrial conference is set for July 18, 2007, and trial is scheduled in August 2008. The issues identified in the pretrial order will supercede any issues raised in the pleadings. *Hartman v. Workman*, 476 F.3d 633, 634 (8th Cir. 2007).

The court finds that PennField's motion for leave to amend its counterclaim should be denied. The additional factual allegations contained in the proposed amended counterclaim are generally within the ambit of the original pleadings to the extent they relate to issues of FDA approval. To the extent the allegations would require determination of the quality of PennField's product, or consumer expectations about the quality of PennField's product, they are not. Both parties have been aware of the purported new facts for several years. At this stage of the proceedings, PennField will not be permitted to expand the scope of its recovery based on alleged statements by Alpharma that are not within the reasonable ambit of matters alleged in its original counterclaim. The statements that PennField alleges Alpharma made in 2002, although not independent claims on which to base relief, may be relevant to other issues in the case. Alpharma was provided with notice of the additional facts via its participation in discovery. Resolution of any issues with respect to the relevance or admissibility of evidence relating to the 2002 incidents can be addressed by way of the pretrial conference, pretrial order, motions in limine or as objections at trial. Accordingly, the court will deny PennField's motion to amend its counterclaim.

**Motion for Entry of Judgment**

Under the federal rules, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that

4

there is no just reason for delay. Fed. R. Civ. P. 54(b). Alpharma seeks the entry of a final judgment in order to perfect an appeal of the court's earlier order dismissing Alpharma's claims against PennField. The certification of a judgment as final under Fed. R. Civ. P. 54(b) is appropriate when there is no significant relationship between the adjudicated and unadjudicated claims, there is no possibility that the appeal of the judgment would be mooted by future developments in an underlying action, there is no possibility that the appeals court would be obliged to consider the issues raised in the appeal a second time, and there are no claims or counterclaims that could result in a setoff against the judgment. See *In re Flight Transp. Corp. Sec.,* 825 F.2d 1249, 1251 (8th Cir.1987). PennField's counterclaims involve alleged misrepresentations and false claims about the same competing products at issue in Alpharma's action. The court finds no just reason to certify the judgment. Accordingly,

IT IS ORDERED that

1. PennField's motion to amend its counterclaim, Filing No. 219, is denied.

2. Alpharma's motion for entry of judgment and certification pursuant to Fed. R. Civ. P. 54(b), Filing No. 223, is denied;

DATED this 4th day of June, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge